### FINLAY v. HEYWARD.

#### (City Court of New York, General Term. March 28, 1901.)

**1. Evidence—Note as Payment.**

Where a debtor turns over a note payable to him to his creditor, it will
be presumed that it is not taken in payment, and the burden is on the
debtor to establish such fact in an action against him to recover on the
debt.

**2. Same—Sufficiency of Evidence.**

Defendant introduced evidence that the claim against him sued on had
been given to a local attorney for collection, who had sent it to a for-
eign attorney, by whom the claim was settled with him for part cash and
a note executed by third persons. The local attorney testified that he did
not authorize the foreign attorney to make such settlement, and that he
received the money and notes, and turned the same over to plaintiff.
*Held* not sufficient to show that the note was received in payment of the
debt.

Appeal from trial term.

Action by Ellen Laracy Finlay against Millie Heyward. From a
judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before McCARTHY, P. J., and SCHUCHMAN, J.

Albert B. Kerr, for appellant.
Robert Davidson, for respondent.

McCARTHY, P. J. In this cause the defense is payment. This
being an affirmative defense, the defendant (appellant) was bound to
establish it by what is known as a preponderance of evidence. De-
fendant attempts to establish this by showing that plaintiff gave the
claim in suit to the attorney Davidson, in New York, for collection,
who sent it to the lawyer Horner, in Denver, Colo., for collection, and
who settled the claim by the payment of some cash and a note for
$500 of defendant's brothers, A. L. Roeder and D. R. Roeder. The
attorney Davidson testified that he never authorized Horner, the law-
yer at Denver, Colo., to settle the claim in any other way than in cash,
and that he received two small checks and the five hundred dollar
note, signed by A. L. and D. R. Roeder, to the order of K. and E.
Laracy; that he turned the money and the above note over to K.
and E. Laracy; but he failed to testify how much the checks were,
or how much money he turned over. The note being given for a
precedent debt, the presumption is that it was not taken in payment,
and the burden of proof is on the defendant that it was taken in that
way. Hall v. Stevens, 116 N. Y. 206, 22 N. E. 374, 5 L. R. A. 802.
This defendant failed to do, and failed to adduce sufficient evidence in
regard to the defense of payment to warrant the court to submit it
to the jury. It is immaterial how much money the two checks hereto-

fore spoken of represented, for no question is made here that the money represented to them has not been allowed and credited to the defendant. It is, however, undisputed that, besides the two small checks as above, the $500 note was given at the same time in settlement, and plaintiff only sues here for. the sum of $400. We think substantial justice has been done by the verdict rendered. The note was not put in evidence, nor was there any secondary evidence of its contents offered. It appears to be made to plaintiff's order, and was not used by plaintiff, and is still in plaintiff's hands. It is past due, and no innocent person or party seems to have it.

Judgment is affirmed, with costs.

SCHUCHMAN, J., concurs.